J-S19022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONALD JAMES STONE | : | No. 1657 MDA 2016 |

Appeal from the Order Entered September 13, 2016
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0001762-2015

BEFORE:  GANTMAN, P.J., BENDER, P.J.E. and STEVENS, P.J.E.[*]

DISSENTING MEMORANDUM BY STEVENS, P.J.E.:       **FILED MAY 30, 2017**

I respectfully dissent, as I would find Dr. Stone freely volunteered his self-incriminating statement to Captain Waltman during a break in his interrogation.  No question had been put to Dr. Stone when he asked to add to his written statement, as Trooper Wool, who was conducting the investigation, was outside of the prison performing a consent search of Stone's car at the time.  In this regard, Trooper Wool's request to search Dr. Stone's vehicle and the consent search that followed were not the functional equivalent of an interrogation, as neither was likely to elicit an incriminating response from Stone.  ***See United States v. Bustamante***, 493 F.3d 879, 892 (7th Cir. 2007) (holding that "though all interrogation must cease once a

_____

[*] Former Justice specially assigned to the Superior Court.

defendant in custody has invoked his right to counsel, a request to search a vehicle or home is not likely to elicit an incriminating response and is therefore not interrogation."). Without questioning, there could have been no response, and Dr. Stone's statement is, thus, better understood as a spontaneous, voluntary utterance outside the scope of *Miranda* than it is the product of an interrogation.

While the better practice may have been to provide Dr. Stone with *Miranda* warnings, the setting was not so inherently coercive to require them. Dr. Stone had been advised that his status as a contracting physician placed him beyond the reach of a Department of Corrections policy subjecting employees to adverse employment decisions if they failed to comply with investigations. Captain Waltman also told Stone he was not under arrest and would probably be free to go home by the end of the day. Furthermore, Dr. Stone was an educated person, a physician who was at his place of employment at the time in question, and there is no evidence that Captain Waltman or Trooper Wool engaged in misleading or intimidating tactics designed to elicit an incriminating statement.

The facts, therefore, indicate that Dr. Stone offered his self-incriminating statement independently of official questioning or conduct such that it should not be subject to suppression. Accordingly, I respectfully dissent.